UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:     Case No.: 6:21-bk-04053-KSJ

D.A.B. CONSTRUCTORS, INC.,[1]     Chapter 7 Case

Debtor.
_____/

### NOTICE OF RULE 2004 EXAMINATION DUCES TECUM
*(Seeking Production of Documents Only)*

Arvind Mahendru, Chapter 7 Trustee, pursuant to Fed. R. Bankr. P. 9016, hereby provides notice of its intent to serve Subpoena for Rule 2004 Examination on October 11, 2021 after 4 p.m., or thereafter, and requests **TRUIST BANK**, to produce by **November 5, 2021 at 10:00 A.M.**, at Winderweedle, Haines, Ward & Woodman, P.A., 329 Park Avenue North, Second Floor, Winter Park, FL 32789, all of the documents as described on the attached **Exhibit "A."**

The request for production is pursuant to Bankruptcy Rule 2004 and Local Rule 2004-1. The scope of the request is as described in Bankruptcy Rule 2004 and relates to the acts, conduct and financial affairs of the Debtor. Pursuant to Local Rule 2004-1, no order shall be necessary.

**YOU MAY BE EXCUSED FROM APPEARANCE BY PROVIDING COPIES OF THE REQUESTED DOCUMENTATION AND INFORMATION PRIOR TO THE SCHEDULED DATE OF THE DEPOSITION.**

**YOU MUST FIRST CONTACT THE ABOVE ATTORNEY FOR ACCEPTANCE OF ANY COSTS IN PROVIDING COPIES BEFORE YOU WILL BE REIMBURSED FOR SAME.**

Dated October 8, 2021.

*/s/ Ryan E. Davis*
RYAN E. DAVIS
Florida Bar No. 0179851
rdavis@whww.com
**WINDERWEEDLE, HAINES, WARD
& WOODMAN, P.A.**

---

[1] The last four digits of the Debtor's federal tax identification number are 6542.

329 Park Avenue North, Second Floor
Winter Park, FL 32789
(407) 423-4246
(407) 423-7014 (facsimile)
*Attorneys for Arvind Mahendru,*
*Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 8, 2021, a true and correct copy of the foregoing has been furnished via:

*__CM/ECF and Electronic Transmission (Email) to__:*

Brian G. Rich, Esquire, Berger Singerman LLP, 313 North Monroe Street, Suite 301, Tallahassee, FL 32301 (Email: brich@bergersingerman.com)

Arvind Mahendru, Trustee, 5703 Red Bug Lake Road, Suite 284, Winter Springs, FL 32708 (Email: amtrustee@gmail.com)

United States Trustee, George C Young Federal Building, 400 West Washington Street, Suite 1100, Orlando, FL 32801 (Email: USTP.Region21@usdoj.gov)

*__US Mail to__:*

D.A.B. Constructors, Inc., 62 Highway 40 West, Inglis, FL 34449

                                            */s/ Ryan E. Davis*
                                            RYAN E. DAVIS

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____Middle_____ District of _____Florida_____

In re  __D.A.B. Constructors, Inc.__          Case No. __6:21-bk-04053-KSJ__
                Debtor
                                              Chapter __7__

## SUBPOENA FOR RULE 2004 EXAMINATION

To: __Truist Bank, c/o Christopher Thompson, Esq., Burr & Forman LLP, 200 S. Orange Ave., Suite 800, Orlando, FL 32801__
*(Name of person to whom the subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Winderweedle, Haines, Ward & Woodman, P.A.<br>329 Park Avenue North, Second Floor<br>Winter Park, FL 32789 | 11/05/21    10:00 am |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

### SEE EXHIBIT "A" ATTACHED HERETO.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____         _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
__Ryan E. Davis, Esq.__          , who issues or requests this subpoena, are:
Winderweedle, Haines, Ward & Woodman, P.A., 329 Park Avenue North, Second Floor, Winter Park, FL 32789
                Email:  rdavis@whww.com;   Phone: 407-423-4246

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT "A"

## INSTRUCTIONS AND DEFINITIONS

1. "Document," "documents" or "thing" means any written or graphic matter or other means of preserving thought or expression. This includes all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise. Documents and things include, but are not limited to, the following: permanent files, manuals, papers, pamphlets, appraisals, correspondence, letters, reports, memoranda, notes, messages (including electronic messages or mail—"e-mail"), periodicals, books, records, contracts, agreements, newspapers, statements, telegrams, interoffice and intraoffice messages, telephone logs, diaries, chronological data, minutes, field reports, computer printouts, prospectuses, financial statements, schedules, affidavits, security agreements, promissory notes, Uniform Commercial Code forms of any type, hypothecation agreements, cancelled checks, bank statements, transcripts, statistics, surveys, calendars, drafts, indices, lists, tables, magazines or newspaper articles, tabulations, graphs, sale orders, confirmations, certificates, accounts, summaries, affidavits, oral records, videotapes, motion pictures, photographs, mechanical or electric recordings or representations of any kind (including without limitation, tapes, cassettes, disks, and recordings), statistical data, ledger book entries, ledgers, books of account, tax returns, tax forms, tax records, tax schedules, transcripts, court papers and sworn statements, and all drafts, alterations and modifications, changes and amendments of any of the foregoing, regardless of whether originals, copies, drafts, or typings or reproductions of originals or copies in whatever form, **including, but not limited to, electronically stored information,** and whether directed to or prepared, written, or produced by, for, or on your behalf, or any agency, department, agent, employee, consultant, or other representative of you, or any third person, firm, or corporation.

2. "All documents" means every document or group of documents for communication as above defined known to you and every such document or communication, which can be located or discovered by reasonably diligent efforts.

3. If any Document was, but is no longer, in your possession, or subject to your control, state what disposition was made of the documents and the reason for such disposition, and identify all persons having knowledge of the circumstances under which such documents ceased to exist, all persons who have knowledge or had knowledge of the documents, and the contents thereof.

4. The plural shall include the singular and the singular shall include the plural. Any reference to a male pronoun shall also constitute reference to a female pronoun.

5. The words "and" as well as "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive. The use of the word "including" shall be construed without limitation.

6. "Each" shall be construed to include the word "every" and "every" shall be construed to include the word "each". Similarly, "any" shall be construed to include the word "all", and "all" shall be construed to include the word "any".

7. The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense.

8. If you claim any privilege as to any (i) information encompassed by this discovery request or (ii) communication, or portion thereof, encompassed by this discovery request, specify the nature of the privilege claimed, state with specificity the basis for the privilege claimed, identify the information or communication as to which privilege is claimed with sufficient specificity to bring the discovery request and objection before the Judge, describe the subject matter of the privileged matter, identify all parties to or recipients of the privileged matter, and if the privileged matter is contained or reflected in a document, identify: (1) the date of the document; (2) the type of document; (3) the author; (4) addressee; and (5) all individuals indicated or to whom blind copies are shown.

9. This request for production is continuing in character and nature, and would require the filing of supplemental responses, pursuant to Rules of Civil Procedure, if and when further or different information is obtained by up to and throughout the trial of this cause.

10. If any of the document requests are ambiguous in any way, please send a letter to the undersigned counsel describing the ambiguity and it will promptly be clarified in a reply letter. If any document request is deemed to be unduly burdensome, please send a letter to the undersigned counsel indicating the reasons why and (generally) an attempt will be made to rephrase the document request in a reply letter to lessen burdens of compliance. Any such reply letter may be treated by the parties to whom it is addressed as a modification of this request for production.

11. In producing documents called for herein, segregate the documents so as to identify the numbered request to which such document responds.

12. The term "You" or any derivative thereof shall mean the entity or person to whom this request is directed pursuant to the Subpoena.

13. The term "Debtor" or "deponent" shall mean D.A.B. Constructors, Inc.

14. Except as otherwise specified, the time frame of this request relates to all documents from September 1, 2017 through present.

## DOCUMENTS TO BE PRODUCED
## (SunTrust Bank n/k/a Truist Bank)

Any and all bank account statements, cancelled checks, and deposit slips for D.A.B. Constructors, Inc., for the time period from September 1, 2017 through present, including with respect to the following account numbers:

- #XXXXXX6211 - (Operating Account)
- #XXXXXX2620 - (Payroll Account)
- #XXXXXX6245 - (Tax Account)
- #XXXXXX6237 – (Money Market Account)